**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                                                    CASE NO.  4:10cr54-RH

MICHAEL L. WILLIAMS,

      Defendant.

_____/

**ORDER DENYING A SENTENCE
<u>REDUCTION UNDER AMENDMENT 782</u>**

The defendant Michael L. Williams has moved to reduce his sentence under

United States Sentencing Guidelines Amendment 782.  But Mr. Williams was

sentenced to the minimum mandatory sentence.  He is not eligible for a reduction.

This order denies relief.

I

The Sentencing Guidelines establish a guideline range for each defendant.

The range is based on the defendant's "total offense level" and "criminal history

category."  The total offense level is based on the defendant's "base offense level"

with increases or decreases based on specific offense characteristics.  For drug

offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant.  *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2014).

Amendment 782 became effective on November 1, 2014.  The amendment reduced the base offense level for most drug offenses.  This came after earlier amendments that also reduced the base offense level for most crack-cocaine offenses.  Amendment 706 became effective on November 1, 2007; Amendment 715 became effective on May 1, 2008; and Amendment 750 became effective on November 1, 2011.

## II

These amendments did not, however, reduce any minimum mandatory sentence applicable to a defendant.  When the government has not filed a motion indicating that a defendant has provided substantial assistance in the investigation or prosecution of others, any minimum mandatory sentence that was in effect at the time of the original sentencing remains in effect.  A court cannot reduce a sentence below an applicable minimum mandatory.

## A

This is confirmed by the governing statute and guideline.  When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory

duty—to determine whether and under what circumstances a court will be allowed

to apply the amendment retroactively to a sentence imposed prior to the

amendment's effective date. The statute provides: "If the Commission reduces the

term of imprisonment recommended in the guidelines applicable to a particular

offense or category of offenses, it shall specify in what circumstances and by what

amount the sentences of prisoners serving terms of imprisonment for the offense

may be reduced." 28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied

retroactively, a court may reduce a sentence, but only under the circumstances and

to the extent specified by the Commission. The court may act on its own motion or

on motion of a defendant or the Bureau of Prisons. The statute that authorizes a

sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> 994(o), upon motion of the defendant or the Director of the Bureau
> of Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, *if such a reduction is
> consistent with applicable policy statements issued by the
> Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).

The "applicable policy statements issued by the Sentencing Commission,"

within the meaning of § 3582(c)(2), are set out in *Guidelines Manual* § 1B1.10.

As set out there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

B

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendment 782 in the list of retroactive amendments. But § 1B1.10 imposes explicit limits. First, a court must not reduce a sentence unless the amendment changed the defendant's guideline range. *Id.* § 1B1.10(a)(1). Second, for a sentence within the original guideline range, a reduced sentence must not be below the low end of the amended guideline range. *See id.* § 1B1.10(b)(2)(A). For a sentence that was below the original guideline range as a result of a government motion indicating the defendant provided substantial assistance in the investigation or prosecution of others, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B). Finally, the reduced term of imprisonment *must not be less than any applicable minimum mandatory sentence*, id. § 1B1.10, cmt. n.1(A) (emphasis added), nor less than the time the defendant has already served, *id.* § 1B1.10(b)(2)(C).

III

Mr. Williams was sentenced on March 31, 2011.  The minimum mandatory

sentence was 10 years—120 months.  I sentenced Mr. Williams to 120 months.

Because this was and is the minimum mandatory sentence, Mr. Williams is not

eligible for a sentence reduction under Amendment 782.

IV

Mr. Williams's wife has submitted a letter asking for a sentence reduction

based on Mr. Williams's commendable achievements in the Bureau of Prisons and

his recognition that he should not commit further crimes.  A nonparty is not

entitled to ask for relief on a defendant's behalf; only the parties may file motions

or otherwise seek a ruling from a court.  But relief would not be granted even if

properly requested.  Under 18 U.S.C. § 3582(c), a "court may not modify a term of

imprisonment once it has been imposed," with exceptions not applicable here.

V

Finally, it should be noted that both Mr. Williams and his wife Chada S.

Williams have asserted in their filings that I said at sentencing that I would have

imposed a lower sentence if I could have done so.  My practice is never to make a

statement of that kind.  I often explain the roles of Congress and the court and the

binding effect of a congressionally adopted minimum mandatory.  And so I

sometimes say—and I probably said here—that I was imposing this sentence

because it was the minimum mandatory and a higher sentence was not necessary to

achieve the sentencing purposes set out in 18 U.S.C. § 3553(a).  The written

statement of reasons also says this.  ECF No. 302 at 5.  But I never say, and I did

*not* say here, that I would have imposed a lower sentence if there had not been a

minimum mandatory.  First, I have no occasion even to consider the issue; I have

enough decisions to make without spending time on matters I do not need to

decide.  Second, a statement of that kind serves no purpose.

VI

For these reasons,

IT IS ORDERED:

1.  The motion to reduce the sentence, ECF No. 850, is DENIED.

2.  The clerk must docket the letter from Chada S. Williams.

3.  The clerk must provide a copy of this order to Mr. Williams himself by

mail and to the attorneys of record and the Federal Public Defender through the

electronic filing system.

SO ORDERED on January 21, 2016.

s/Robert L. Hinkle
United States District Judge